## YOUNGS *v.* YOUNGS.

DIVORCE—ALIMONY—REASONABLENESS.

>   An award of alimony of $1,500 from property of complainant valued at $12,000, which was, however, incumbered for about $2,300, *held*, not inadequate, where complainant was granted a decree against his wife and she had not assisted in accumulating any of it.

Appeal from Lapeer; Smith, J. Submitted October 16, 1914. (Docket No. 118.) Decided December 18, 1914.

Bill by John P. Youngs against Isabelle C. Youngs for divorce. From a decree for complainant, defendant appeals. Affirmed.

*Elmer Shumar* and *Geer, Williams & Halpin,* for complainant.

*Herbert W. Smith* (*B. F. Reed,* of counsel), for defendant.

KUHN, J. The complainant on October 8, 1906, then 68 years of age, married the defendant, who was 39 years of age. She had been twice previously married, both of which marriages resulted in divorces being granted. As a result of the first marriage the defendant had three children, and after a short acquaintance with complainant, who was a bachelor, their marriage took place. At that time the complainant owned a farm of 207 acres, with the usual stock and farm personalty thereon, incumbered, however, by a $1,500 mortgage. Their domestic happiness did not last for any considerable length of time, as trouble began almost immediately, and resulted in the present bill of complaint being filed December 19, 1912, charging the defendant with various acts of extreme cruelty. The defendant filed an answer in the nature of a cross-bill, making counter charges of extreme cruelty. Upon a hearing of the case, the court granted a decree to the complainant and dismissed the cross-bill, and awarded the defendant $1,500 as permanent alimony, and her costs, including the solicitor's fee of $125, also various articles of furniture and other personal property.

The complainant in support of his charges produced 17 witnesses who lived in the immediate vicinity of the home of the parties, and the charges made by the defendant against the complainant were of a very serious nature, and if the witnesses who testified in support thereof had been believed by the court she would have been entitled to relief. Both of the parties to the controversy testified, and there was a sharp conflict as to their relations during the time they lived together. It would profit no one to set forth their various claims. The circuit judge, who saw and heard the witnesses, was in a better position to determine who told the truth than we are, and clearly he must not have believed the claims of the defendant and her witnesses.

After a careful review of this record, we are not inclined to disturb the judgment of the court below. It appears that the mortgage on the farm, which at the time of the marriage was $1,500, has been increased to $2,300, and the complainant claimed that his other debts exceeded the sum of $1,000. The farm is of the value of $12,000. It thus appears that the defendant has not assisted the complainant in accumulating any of his property, and in view of this fact, and also that the defendant is still a comparatively young woman, and the court found her at fault for their domestic difficulties, we are also of the opinion that the judgment of the court below upon the question of alimony should not be disturbed.

The decree is affirmed, without costs.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.